IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER R. TAYLOR,

    Plaintiff,

v.                                                         Civil Action No.: 2:15–CV–93
                                                              (JUDGE BAILEY)

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

## ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

On December 3, 2015, the Plaintiff, Christopher Robert Taylor, filed a Complaint against the Commissioner of Social Security and an Application to Proceed Without Prepayment of Fees and Affidavit ("IFP"). ECF Nos. 1&2. The Plaintiff's IFP application reveals that he is currently unemployed and has been since July 2011. The Plaintiff states that he depends upon income from his wife, social security insurance payments for a minor child, and public assistance in the form of food stamps. The Plaintiff states that he has seventeen dollars in his bank account. The Plaintiff reports two assets, a home and vehicle; however, both are currently under obligation requiring monthly payments. Plaintiff further states that his wife's hours vary at her job, and, after paying bills, they usually only have about thirty to fifty dollars left over between paychecks.

A plaintiff need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins v. E.I. DuPont De Nemours & Co.*, 335 U.S. 331, 339 (1948). Nor should a plaintiff have to enter destitution in order to pay a filing fee. *Id*. The question turns on whether a plaintiff can pay for the costs and "and still be able to provide himself and dependants with the

necessities of life." *Id.*[1]

Plaintiff states that he has only thirty to fifty dollars left after paying his bills. He has seventeen dollars in his checking account and owns no assets that are without obligation. Plaintiff is also responsible for two young children. Thus, requiring Plaintiff to pay the $400 filing fee will result in Plaintiff having to forgo other necessities of life. Accordingly, the Plaintiff's Application to Proceed Without Prepayment of Fees is **GRANTED**, and it is **ORDERED** that the Plaintiff be permitted to prosecute said action to its conclusion without prepayment of costs or giving security therefor.

The Clerk of the Court is **DIRECTED** to transmit a copy of this Order to Plaintiff's counsel, issue a sixty day summons, and notify the United States Marshals Service who shall serve process pursuant to Federal Rule of Civil Procedure 4(c). Any recovery in this action will be subject to payment of fees and costs, including service of process fees and the $400.00 filing fee.

**IT IS SO ORDERED**.

DATE: December 16, 2015                    /s/ *James E. Seibert*
                                           JAMES E. SEIBERT
                                           U.S. MAGISTRATE JUDGE

---

[1] The Supreme Court has elaborated on this standard in *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (citation omitted), stating: "Poverty, in its primary sense, is a human condition, to be '[w]anting in material riches or goods; lacking in the comforts of life; needy.'"