IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER ROBERT TAYLOR,

 Plaintiff,

v.                    Civil Action No.: 2:15–CV–93
                         (JUDGE BAILEY)

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

 Defendant.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On December 3, 2015, the Plaintiff, Christopher Robert Taylor ("Mr. Taylor" or "Plaintiff"), by counsel, Jan Dils, Esq., filed a complaint in this Court to obtain judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. ECF No. 1.

The Plaintiff also filed a motion to proceed *in forma pauperis* that the undersigned granted on December 16, 2015. ECF Nos. 2 & 3. The Commissioner filed her Answer on February 17, 2016. ECF No. 6. Plaintiff filed a Memorandum in Support on March 8, 2016. ECF No. 9. The Commissioner filed her Motion for Summary Judgment on April 7, 2016. ECF No. 10. On July 11, 2016, the Court entered an Order directing Plaintiff to comply with the local rules and file a motion for summary judgment. The Plaintiff filed his Motion for Summary Judgment on July 12, 2016. ECF No. 13. For the following reasons, the

undersigned recommends that the Plaintiff's Motion for Summary Judgement be **DENIED** and the Commissioner's Motion for Summary Judgement be **GRANTED**.

## II. FACTS

The Plaintiff applied for DIB and SSI benefits alleging a disability beginning July 1, 2011. R. 11. The Plaintiff's claims were initially denied on August 1, 2012, and upon reconsideration on October 15, 2012. *Id.* On October 31, 2012, the Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* An ALJ hearing was held on June 11, 2014, by video, before ALJ Mary C. Peltzer. *Id.*; R. 25. The Plaintiff, represented by Ambria Adkins, Esq., testified at the hearing, as did a Vocational Expert ("VE"). R. 31–55. On July 21, 2014, the ALJ issued an unfavorable decision. R. 8–25. The Plaintiff appealed this decision to the Appeals Council, which denied his request for review on October 8, 2015. R. 1. Plaintiff then timely brought his claim before this Court.

## III. ALJ FINDINGS

In determining whether Mr. Taylor was disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. The first step in the process is determining whether a claimant is currently engaged in substantial gainful activity. §§ 404.1520(b); 416.920(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. §§ 404.1520(c); 416.920(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairments or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix

1 (the "Listings"). §§ 404.1520(d); 416.920(d). If an impairment meets or equals a listed impairment, the claimant is disabled. *Id.* However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of her impairments. §§ 404.1520(e); 416.920(e). After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of his past relevant work. §§ 404.1520(f); 416.920(f). If the claimant does not have the RFC to do his past relevant work, then he has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experiences. §§ 404.1520(g); 416.920(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868–69 (4th Cir. 1983).

Here, as a preliminary matter, the ALJ determined that Mr. Taylor met the insured status requirements set forth in the Social Security Act through September 30, 2016. R. 13. At step one of the sequential process, the ALJ found that Mr. Taylor had not engaged in substantial gainful activity since July 1, 2011, the alleged onset date. *Id.* At step two, the ALJ found that Mr. Taylor had the following severe impairments: "degenerative disc disease of the lumbar and cervical spine and mental disorders variously diagnosed to include post-traumatic stress disorder, bipolar disorder, and reading disorder." R. 13. At the third step, the ALJ found that none of Mr. Taylor's impairments met or medically equaled the severity of any of the impairments contained in the Listings. *Id.* The ALJ then determined that Mr. Taylor had the following RFC:

> [A] capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: occasional pushing and pulling with the upper extremities; occasional climbing ramps and stairs; no climbing ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, and crouching; no crawling; and occasional exposure to extreme heat, extreme cold, vibrations, and workplace hazards, such as dangerous moving machinery. He can perform unskilled work at an SVP 1 or 2 where the work involves things instead of people.

R. 16. At step four, the ALJ found that Mr. Taylor was unable to perform any past relevant work. R. 23. The ALJ determined that Mr. Baughman was a "younger individual" on the alleged disability onset date. *Id.*; *see* 20 C.F.R. § 404.1563.

The ALJ concluded that, "[c]onsidering [Mr. Taylor's] age, education, work experience, and [RFC], the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of 'not disabled' is therefore appropriate under the framework of the above-cited rule." R. 24; *see also* 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a).

## IV. MOTIONS FOR SUMMARY JUDGMENT

### A. Contentions of the Parties

In Mr. Taylor's Motion for Summary Judgment, he makes two arguments: The ALJ (1) failed to complete a proper analysis to determine whether Taylor's impairments met or equaled a Listing; and (2) failed to provide an adequate explanation for her RFC finding. *See* ECF No. 9. In her Motion for Summary Judgement, the Commissioner argues that the ALJ's decision is proper and supported by substantial evidence. ECF No. 11.

### B. The Standards

1. <u>Summary judgment</u>

Summary judgment is appropriate if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

2. <u>Judicial review</u>

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 664–65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)). The ALJ's decision must be upheld if it is supported by "substantial evidence." 42 U.S.C. §§

405(g), 1383(c)(3).

3. Review of an ALJ's step-three analysis

Courts in this District have routinely held that an "ALJ must identify the relevant listings and then compare each of the listed criteria to the evidence of the claimant's symptoms at Step Three of the sequential evaluation. This Court has further held that an ALJ's finding will not be upheld if the ALJ simply restates verbatim the language of the relevant listings." *Hardman v. Comm'r of Soc. Sec.*, Civ. Action No.: 5:14CV132, 2015 WL 1221357 (N.D. W. Va. Mar. 17, 2015) (internal citations and quotations omitted).

Recently the Fourth Circuit has reinforced this District's approach. In *Fox v. Colvin*, the Court held that an ALJ's decision "failed to provide sufficient reasoning to allow for meaningful judicial review" when "the ALJ did not apply findings to the disability listing." *Fox v. Colvin*, 632 F. A'ppx 750, 751; 55 (4th Cir. 2015). The Court explained that "the ALJ engaged in the same conclusory analysis that we found to be unacceptable in *Radford*." *Id.* at 755. In *Fox*, the Court found that the ALJ's analysis was "perfunctory and offered nothing to reveal *why* he was making his decision." *Id.*

## C. Discussion

The Fourth Circuit has been clear that an ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)). Moreover, judicial review "of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). In reviewing the case to determine whether substantial evidence exists, this

Court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id.* (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

1. <u>The ALJ's analysis was not fatally deficient</u>

The Plaintiff argues that "[t]he ALJ's step three explanation in Taylor's case is as deficient as those found in *Fox*, *Warner*, and *Bentley*." ECF No. 9 at 8. The undersigned disagrees.

As Plaintiff notes, "[t]he Fourth Circuit Court cited the Fox ALJ's step three finding in its entirety[.]" *Id.* (citing 632 F. A'ppx at 754–55). In *Fox*, the ALJ's step three finding was only three sentences. In the instant case, the ALJ's step three finding is fourteen paragraphs. To be clear, the length of the ALJ's finding is illustrative, not determinative; however, the substance is determinative. The *Fox* court underscored this point when it noted that the ALJ's analysis was "perfunctory and offered nothing to reveal why he was making his decision. Nor was there an specific application of the pertinent legal requirements to the record evidence." *Id.* at 755 (internal quotations omitted). The *Fox* court's inquiry turned on its ability to conduct a "meaningful review" of the ALJ's decision. *See Id.* at 756.

In *Warner*, the District Court found that the ALJ dismissed the applicability of the listings without analysis by "simply restat[ing] verbatim the language of Listing 1.04 and Listing 14.09." *Warner v. Barnhart*, Civil Action No. 1:04–CV–8, ECF No. 18 at 8 (Final Order of J. Stamp, filed March 29, 2005). The District Court found the same error in *Bentley*: "the ALJ simply restated a substantial portion of the language of Listing 1.02A

without providing any analysis." *Bentley v. Comm'r of Soc. Sec.*, No. 1:13CV163, 2014 WL 906587, at *24 (N.D. W. Va. Mar. 7, 2014).

The instant case is distinguishable from *Fox*, *Warner*, and *Bentley*. Not only was the ALJ's step three analysis here significantly longer, but also it provides a substantive analysis that allows the Court to conduct a meaningful review.

More specifically, the ALJ noted that "Disability Determination Services (DDS) state agency collected and reviewed the claimant's records . . . [and] concluded that the claimant's impairments did not meet or equal the requirements of any section of Appendix 1." R. 14. Moreover, no "treating or examining physician or psychologist has identified medical signs or findings that meet or medically equal the requirements of any section of Appendix 1." *Id.* The ALJ indicated that he, too, reviewed the evidence and found that it "shows the claimant does not have impairments that meet or equal the requirements of any section of Appendix 1." *Id.*

In examining Listing 1.02(B), the ALJ noted that "[a]lthough the claimant suffers from cervical degenerative disc disease, there is no evidence that the claimant has suffered an extreme loss of function of both upper extremities that interferes very seriously with his ability to independently initiate, sustain, or complete activities."*Id.*

Similarly, with regard to Listing 1.04, the ALJ found that even though Plaintiff "suffers from degenerative disc disease of the cervical and lumbar spine, there is no evidence of nerve root compression accompanied by sensory or reflex loss, spinal arachnoiditis, [or] lumbar spinal stenosis resulting in pseudoclaudication. In the absence of such evidence, no listing-level impairment is found to exist."*Id.*With regard to this Listing, Plaintiff argues that "the ALJ never addressed why [the] objective medical findings

and corresponding treatment notes were not sufficient to document Taylor's degenerative disc disease met or equaled Listing 1.04 . . . ." ECF No. 9 at 10. The undersigned disagrees. Although succinct, the ALJ explained, as noted above, her reasoning: "no evidence of nerve root compression accompanied by sensory or reflex loss, spinal arachnoiditis, [or] lumbar spinal stenosis resulting in pseudoclaudication." R. 14. Plaintiff has not pointed to any evidence in the record to contradict this finding because there is no such evidence.

The ALJ performed a similar analysis when considering Listing 11.14. *Id.* The ALJ found that "the medical evidence of record does not support significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements or gait and station." *Id.* Again, the ALJ does more than recite the requirements and summarily deny that Plaintiff meets them. Although brief, the ALJ explained what evidence was missing from the record that prevented Plaintiff from satisfying the listing.

Accordingly, the ALJ here did not conduct a superficial inquiry like those in *Fox*, *Warner*, and *Bentley*. Here, the Court is able to conduct a meaningful review. Thus, the undersigned finds that the ALJ's step three analysis was sufficient and her decision is supported by substantial evidence.

2.  <u>The ALJ adequately explained Plaintiff's RFC</u>

The Plaintiff contends that the ALJ "failed to provide an adequate explanation for her RFC finding . . . ." ECF No. 9 at 11. The undersigned disagrees.

Plaintiff cites the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), as supporting his argument. In *Mascio*, the court found it notable that the ALJ's hypothetical posed to the VE "said nothing about Mascio's mental limitations" and the

ALJ's RFC limited Mascio to "unskilled work." *Id.* at 637-38. But unlike *Mascio*, where the hypothetical was silent regarding Mascio's mental limitations, and the RFC finding limited the claimant to merely unskilled work, the hypothetical and RFC finding in this case did limit the Plaintiff in this regard. Specifically, the ALJ limited Plaintiff to unskilled work, a Specific Vocational Preparation ("SVP") of 1 or 2, and work involving things instead of people. *See id.*; R. 16.

Further, the ALJ in the instant case noted that the record contained "little mention of [Plaintiff's] mental impairments since mid-2012, which suggests they may not be as severe as alleged." R. 21. "The limited degree of treatment required and relatively benign physical and mental examinations during the period at issue belie allegations of disabling symptoms or functional limitations." *Id.*

The record also shows that Plaintiff's mental impairments were treated with medication, he discontinued physical therapy, and he reported that his mood was stable in January 2014. R. 513. Interestingly, some of Plaintiff's strongest evidence, the two state agency psychological consultants, does not support his argument. The ALJ gave great weight to Dr. Comer and Dr. Capage's ultimate finding that despite his moderate limitations, Plaintiff had the mental/emotional capacity for simple routine work in an environment with limited social interactions. R. 66–68; 79–81; 94–96; 107–09. Dr. Comer's Mental Residual Functional Capacity Assessment ("MRFC") included an Additional Explanation section, in which Dr. Comer stated: "Claimant's statements regarding opiate use/abuse suggest partial credibility. He appears to have the mental/emotional capacity for simple routine work like activity in a work environment that has limited social interaction requirements and that can accommodate his physical

limitations." R. 68. Dr. Capage's MRFC concurred with Dr. Comer, stating, "I have reviewed all the pertinent evidence in file, and the MRFC assessment of 7/25/12 in the DDE Document from the initial level is affirmed, as written." R. 96. Accordingly, the ALJ's RFC limits Plaintiff to unskilled work at an SVP 1 or 2 where the work involves things instead of people, to accommodate his issues with social interactions. R. 16.

The ALJ's RFC finding is fully consistent with the state agency consultants' conclusions and allows Plaintiff to perform the representative unskilled jobs of assembler, final assembler, and sorter/inspector. R. 24. Unlike *Mascio*, the ALJ here adequately explained the RFC so that this Court could conduct a meaningful review.

## V. RECOMMENDATION

Based on the foregoing, the undersigned concludes that the ALJ's decision complied with the applicable law and regulations, and it was based on substantial evidence. Accordingly, the undersigned **RECOMMENDS THAT**:

1. Plaintiff's [ECF No. 13] Motion for Summary Judgment be **DENIED**; and
2. Commissioner's [ECF No. 11] Motion for Summary Judgment be **GRANTED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright*

11

*v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia

DATED: July 28, 2016                                /s/ *James E. Seibert*
                                                    **JAMES E. SEIBERT**
                                                    **U.S. MAGISTRATE JUDGE**